# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID A. HOLLAND,

    Petitioner,

vs.

BRIAN E. WILLIAMS, Sr.,

    Respondent.

2:10-cv-01769-JCM-VCF

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding with representation of counsel. Before the court is respondents' motion to dismiss. (ECF No. 7.) Petitioner has opposed the motion (ECF No. 9), and respondents have replied. (ECF No. 10.) After a thorough review, the court grants the motion and dismisses the petition as wholly unexhausted.

**I.    Procedural History and Background**

On December 9, 2004, the State of Nevada filed an amended indictment in the Eighth Judicial District Court for the State of the Nevada ("district court") charging petitioner, David A. Holland, with one count of burglary and one count of attempted first-degree kidnapping. (Exhibits to Mot. to Dismiss Ex. 16, ECF No. 8.)[1] Petitioner entered a guilty plea to both charges pursuant to a guilty

---

[1] The exhibits referenced in this order are found in the court's record at ECF No 8, which were filed with respondents' motion to dismiss.

plea agreement. (*Id*. Ex. 17.)   In exchange for petitioner's plea, the state agreed to recommend a sentence of 48 to 120 months in prison, suspend the sentence for a fixed 5 years of probation, with a condition of probation to include level I battery domestic violence counseling. (*Id*.)  Additionally, the state agreed not to oppose concurrent time between the two counts. (*Id*.)

The district court entered its judgment of conviction on March 10, 2005, and sentenced petitioner to 48 to 120 months in prison on each count, to run concurrently, suspended, and placed petitioner on 5 years of probation, with a condition of probation to include level I battery domestic violence counseling. (*Id*. Ex. 19.)  On May 22, 2007, the state filed a notice of intent to seek revocation of probation. (*Id*. Ex. 21.)  After a hearing, on June 8, 2007, the district court entered an amended judgment of conviction containing the same original sentence and reinstating probation with house arrest. (*Id*. Ex. 22.)  On October 9, 2009, after parole and probation notified the district court that petitioner had violated his conditions of probation, the district court entered an order revoking petitioner's probation and entered a second amended judgment of conviction imposing a sentence of 48 to 120 months in prison on each count, to run concurrently, with eighty days credit for time served.

On August 19, 2010, petitioner filed his notice of appeal. (*Id*. Ex. 25.) On September 30, 2010, the Nevada Supreme Court dismissed petitioner's appeal for lack of jurisdiction. (*Id*. Ex. 34.)

Petitioner filed his federal petition for writ of habeas corpus in this court on October 12, 2010. (ECF No. 1.)  Respondents move to dismiss the petition because all of grounds in the petition are unexhausted.

**II.    Discussion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim

through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well-settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

A.  <u>Ground 1</u>

In ground 1, petitioner claims that his waiver concerning the preliminary inquiry hearing

Case 2:10-cv-01769-JCM -VCF   Document 12   Filed 03/02/12   Page 4 of 5

was not knowing or voluntary pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

Respondents argue that ground one is unexhausted because petitioner did not present the claim to the Nevada Supreme Court through proper procedural means either on direct appeal or in post-conviction proceedings.

In response, petitioner asserts that the Nevada Supreme Court had notice of the federal questions presented in this case but that it chose to dismiss his appeal on jurisdictional grounds.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille*, 489 U.S. at 351. A state may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). In this case, the Nevada Supreme Court dismissed petitioner's direct appeal for lack of jurisdiction because he filed his notice of appeal outside of the 30-day period prescribed by NRAP 4(b). (Exhibits to Mot. to Dismiss Ex. 34.) Thus, petitioner presented ground one in an unacceptable posture under Nevada's procedural rules. Additionally, petitioner has not pursued state post-conviction proceedings, and thus, has not properly presented ground one to the Nevada Supreme Court via a post-conviction petition. Accordingly, the court concludes that ground one is unexhausted.

B.  Ground 2

In ground 2, petitioner claims that he was denied due process because of ineffective assistance of counsel.

Respondents contend that ground two is unexhausted because petitioner failed to present it to the Nevada Supreme Court in any fashion.

4

1         According to petitioner, this claim was encompassed in his fast track statement on direct
2 appeal, which renders it exhausted.
3         As discussed above, petitioner failed to exhaust any claims by way of direct appeal
4 because his untimely notice of appeal amounts to a procedurally deficient manner of presenting his
5 claims.  Morever, because he has not yet pursued post-conviction proceedings in state court, petitioner
6 is unable to show that he has exhausted this claim in state post-conviction proceedings.
7         The court is obligated to dismiss a petition that contains no exhausted claims.  *Jiminez*
8 *v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).  Because petitioner attempted a procedurally improper means
9 of exhaustion, rendering the entire federal petition unexhausted, the petition will be dismissed by the
10 court.[2]

11 **III.  Conclusion**

12         **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is
13 **GRANTED** on ground that the entire petition is unexhausted.
14         **IT IS FURTHER ORDERED** that the petition (ECF No. 1) is **DISMISSED without**
15 **prejudice IN ITS ENTIRETY**, as wholly unexhausted.
16         **IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

19    DATED March 2, 2012.

21                                                 UNITED STATES DISTRICT JUDGE

---

[2]  Because the court concludes that both grounds in the petition are unexhausted, it declines to reach respondents' other arguments.

5